UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CR-14016-CANNON

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JOSHUA BLACK

    Defendant.

_____/

**DEFENSE RESPONSE TO GOVERNMENT'S MOTION TO ADMIT 404(b) AND INEXTRICABLY INTERTWINED EVIDENCE (DE 27)**

Joshua Black, through counsel, responds to the government's motion to admit potential inextricably intertwined and Rule 404(b) evidence as follows.

### INTRODUCTION

The government seeks to introduce a wide array of evidence in three categories of a prior sexual relationship, search history of a sexual interest, and other images under the intrinsic doctrine of inextricably intertwined or in the extrinsic alternative of Federal Rule of Evidence 404(b). All of this evidence, except for the immediate text message discussions surrounding this offense, is irrelevant, unduly prejudicial, and improper propensity evidence.

### INTRISINC, INEXTRICABLY INTERTWINED FRAMEWORK

Other evidence of alleged criminal activity is intrinsic when it is "(1) an uncharged offense which arose out of the same transaction or series of transactions as

the charged offense, (2) necessary to complete the story of the crime, or (3) inextricably intertwined with the evidence regarding the charged offense." *United States v. Edouard*, 485 F.3d 1324, 1344 (11th Cir. 2007) (internal quotation marks omitted); *United States v. Dixon*, 901 F.3d 1322, 1344–45 (11th Cir. 2018); *United States v. Troya*, 733 F.3d 1125, 1131 (11th Cir. 2013); *United States v. McLean*, 138 F.3d 1398, 1403 (11th Cir. 1998); *United States v. Muscatell*, 42 F.3d 627, 630 (11th Cir. 1995) (noting that this evidence has "a temporal and factual connection with the charged offense"). Evidence is inextricably intertwined with the evidence regarding the charged offense if it forms an "integral and natural part of the witness's accounts of the circumstances surrounding the offenses for which the defendant was indicted." *United States v. Estrada*, 969 F.3d 1245, 1274 (11th Cir. 2020). However, such evidence is admissible only in limited circumstances and "not a backdoor to get around other evidentiary rules." *United States v. Clay*, 667 F.3d 689, 697–698 (6th Cir. 2012).

## EXTRENSIC RULE 404(b) FRAMEWORK

When "evidence is offered under Fed. R. Evid. 404(b), the government bears the burden of showing that the proffered evidence is relevant to an issue other than character.

Federal Rule of Evidence 404(b) states in pertinent part:

(1) Prohibited Uses: Evidence of a crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.

(2) Permitted Uses: This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

2

The Eleventh Circuit "use[s] a three-part test to determine whether other bad acts are admissible under Rule 404(b): (1) 'the evidence must be relevant to an issue other than the defendant's character'; (2) 'the act must be established by sufficient proof to permit a jury finding that the defendant committed the extrinsic act'; and (3) 'the probative value of the evidence must not be substantially outweighed by its undue prejudice.'" *United States v. Holt*, 777 F.3d 1234, 1266 (11th Cir. 2015) (citing *United States v. McNair*, 605 F.3d 1152, 1203 (11th Cir. 2010)). Rule 404(b) evidence must bear a "reasonable relationship" to the issues at trial. *United States v. Chavez*, 204 F.3d 1305, 1317 (11th Cir. 2000).

Rule 404(b) demonstrates concern regarding other bad acts evidence being used to prove anything via propensity. *See, e.g., State v. Saunders*, 14 Or. 300, 309, 12 P. 441, 445 (1886), *overruled in part by State v. Marsh*, 260 Or. 416, 490 P.2d 491 (1971). Courts must be particularly careful when considering evidence purportedly offered to show intent, since it is "the exception most likely to blend with improper propensity evidence." *United States v. Miller*, 673 F.3d 688, 698 (7th Cir. 2012); *see also United States v. Matthews*, 431 F.3d 1296, 1313 (11th Cir. 2005). The government must precisely articulate the evidentiary hypothesis by which a fact of consequence may be inferred from the other acts evidence." *United States v. Youts*, 229 F.3d 1312, 1315 (10th Cir. 2000). Because "intent is the exception most likely to blend with improper propensity uses," this Court must carefully scrutinize the government's proffered rationale. *United States v. Miller*, 673 F.3d 688, 698 (7th Cir. 2012).

3

## RULE 403 FRAMEWORK

Regardless of whether evidence is admissible as direct intrinsic or extrinsic 404(b), a district court may exclude per Federal Rule Evidence 403. When considering the Rule 403 analysis, the Court must consider the totality of the circumstances including, but not limited to prosecutorial need, overall similarity between the extrinsic act and the charged offense, and temporal remoteness. *United States v. Perez*, 443 F.3d 772, 780 (11th Cir. 2006).

Intrinsic evidence must still satisfy the requirements of Rule 403—that is, the probative value of the evidence must not be substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. *Edouard*, 485 F.3d at 1344; Fed. R. Evid. 403. Likewise, 404(b) evidence should be excluded under Rule 403, including "whether it appeared at the commencement of trial that the defendant would contest the issue of intent, the overall similarity of the charged and extrinsic offenses, and the temporal proximity between the charged and extrinsic offenses." *United States v. Edouard*, 485 F.3d 1324, 1345 (11th Cir. 2007).

Because prior bad act evidence "has significant potential for prejudicial effect," it "should not be employed unless really necessary." *United States v. Jones*, 28 F.3d 1574, 1581 (11th Cir. 1994) (quoting *United States v. Baldarrama*, 566 F.2d 560, 568 (5th Cir. 1978)). "If the government has a strong case without the extrinsic offense, then the prejudice to the defendant will more likely outweigh the marginal probative

value. 'In other words, if the government can do without such evidence, fairness dictates that it should[.]'" *Id.* (quoting *United States v. Pollock*, 926 F.2d 1044, 1049 (11th Cir. 1991)).

**DEFENSE RESPONSE TO THE PROPOSED EVIDENCE**

The Government's proposed evidence, as follows, should not be admitted as intrinsic evidence, under Rule 404(b), and per the Rule 403 analysis.

**A.     Alleged Prior Sexual Intercourse from Two Years Prior**

The government requests to enter evidence that Mr. Black allegedly had sexual intercourse with the Alleged Victim two years before the allegations in this matter. Specifically, the government is requesting to elicit testimony that he had sexual intercourse with her in the summer of 2023, approximately two years before the date of the offense in February 2025.

The two-year-old allegation is not intrinsic evidence as a continuing course of conduct or necessary to explain the current allegations. The timing of the 2023 allegations do not have sufficient temporal proximity in time or space. They are remote and removed as no physical sexual relationship is alleged in between the two timeframes and allegedly occurred under different circumstances and geographic place in America.

This allegation is also not admissible under 404(b). There is no plausible scenario that the alleged sexual intercourse of the offense itself was a "mistake" or "misunderstanding," as the government alleges, as it was an alleged, fully completed act, and not an attempt. (D.E. 27, pg 11). The probative value of the prior non-reported

5

allegations, without any corroboration, are also substantially outweighed by unfair prejudice of having to now defend against separate, non-charged allegations from years ago.

### B. Recorded Phone Call by the Alleged Victim's Mother

In addition to other Defense objections to the admission of this citizen recorded phone call without consent/notification,[1] the discussion of purchasing the Alleged Victim a dildo and vibrator when she was 12 years old and struggling with her sexual issues is not intrinsic or extrinsic evidence as permitted by Rule 404(b). Again, this three-year-old allegation is unrelated in nature, not intrinsically required to describe the offense, does not prove any intent or motive for the allegations under 404(b), and is more prejudicial than probative.

### C. Alleged Victim's Cell Phone

The Defense does not have an intrinsic evidence or 404(b) objection to the relevance of the temporal cell phone messages between the Alleged Victim and Mr. Black's cell phones, immediately surrounding the date of these charges. However, Defense is not stipulating to their admission under the other grounds, such as requiring proper authentication, hearsay objection, or violation of confrontation of witnesses.

---

[1] Defense objects to the admission of the phone call and intends to file a Motion to Suppress the entire recording between the Alleged Victim's Mother and Mr. Black as it was recorded without his consent or notification in violation of 18 USCS § 2511(2)(d) as purposely committing the felony of Fla. Stat. 934.03, Florida's Wiretapping Law.

### D. Defendant's Cell Phone

The government initially explains their rationale behind admission of the defendant's cell phone being the defendant's invocation of "his right to remain silent after being read his Miranda rights." (D.E. 27, pg. 5). Invocation of constitutional rights cannot justify a proper evidentiary basis to admit evidence.

### i. Alleged Sexually Explicit Images of the Alleged Victim

The allegations of the images of the Alleged Victim on Mr. Black's phone are not relevant and inadmissible propensity evidence. The Defense has factual objections to the government's representations of the photographs. First, the amount of images is not thirty, as many of those photographs are duplicates of the same image. Aside from the six purported video call images, the overall number images is approximately ten. Second, the government speculates that the photographs are from an actual video with the Defendant based solely on the image with no specific identifiers of the male, metadata, and existence of a video call on April 19, 2024. None of these images are on the Alleged Victim's phone. There are no communications showing how the Alleged Victim may have sent any images, and she also denied it in her CPT statement. Regardless of these factual disputes, the date of the images are from 2024 (or the very end of 2023) and not in any immediate proximity to this offense. Thus, they are not inextricably intertwined with the February 2025 alleged offense, not relevance for any specific 404(b) purpose, and would be more prejudicial than probative.

    **ii.**    **Search History**

The alleged search history contained in the government's Exhibit 1 is not indicative of being inextricably intertwined with these allegations, nor evidence under 404(b) thereof. These terms were not alleged to have been searched on the dark web or other sites that contain actual illegal material. The websites used on Mr. Black's phone would not and did not produce any illegal, underage material. The websites reflected in Exhibit 1 of Twitter (X), Chrome Brower Search, Google are not used for these illegal purposes nor produce such a result. The duration of the search terms from January and February 2024 do not show that they were ever used in conjunction with this offense of weeks before the current allegation. There was no search of these terms surrounding the offense itself. The government uses conjecture and speculation for this improper character and propensity evidence.

    **iii.**    **Other Allegations of Sexual Images of Alleged Minors**

The Court must deny this attempt to have a trial within this trial. The government has not submitted proof that any of these three other images on Mr. Black's phone are illegal, sexual images of children.

The single thumbnail image collage (of twelve very small photos) does not inherently depict sexual abuse material without additional proof. Of the twelve thumbnail images on this photo, only a few are visible and they appear to be a preview of a video with a image of play symbol and length of a few seconds. No video that relates to any of these images is on Mr. Black's phone. The three images at the top and three at the bottom are halfway cut off. Three of the thumbnails potentially depict young-

8

looking people. However, those images have not been identified by any expert, metadata, child abuse website, database (such as the National Center for Missing & Exploited Children or Child Exploitation Notification Program), or the actual person as to the element of age.

The AI generated image also presents confusion as to its creation. The government claims that it was created by the "Undress" application as that word is visible on the image. However, the metadata does not have any information as to its creation. That image is not present on any prior history or anywhere on the phone. The phone also does not contain the Undress application, nor any AI application that adds sexual images onto already produced photographs. There is no website history, showing use of any website for that creation.

For both of these images, there is no evidence of how they came to exist on this phone. There is no message, application, or internet history linking this phone to these images. The metadata does not have any information on their creation or existence. Could a person have stumbled onto this image and/or a website manipulate photographs without knowing and it automatically saved on their phone? This evidence creates more confusion than any clarification in this matter.

## DEFENDANT'S REQUEST FOR A LIMITING INSTRUCTION

For any evidence in this motion that is introduced at trial over the defendant's objection, the defendant respectfully requests the Court read the jury an appropriate limiting instruction.

## CONCLUSION

The defendant respectfully requests the Court exclude the evidence objected to in this response.

Respectfully submitted,

HECTOR A. DOPICO
FEDERAL PUBLIC DEFENDER

By:   *s/**Renee M. Sihvola**
     Renee M. Sihvola
     Assistant Federal Public Defender
     Florida Bar Number: 116070
     109 North Second Street
     Fort Pierce, Florida 34950
     Tel: 772-489-2123
     E-Mail: Renee_Sihvola@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that on July 21, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*s/ Renee Sihvola*
Renee Sihvola